UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00095-GNS

WILLIAM LAMB                                                                                    PLAINTIFF

v.

CHAD ADAMS SMITH;
JOSHUA RYAN AMOS;
JOHN DOE; and
KENTUCKY STATE TROOPER POST THREE                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 6). The motion is ripe for adjudication. For the reasons provided below, the motion is **GRANTED**.

### I.     BACKGROUND

On September 13, 2014, Plaintiff William Lamb ("Lamb") was in a motor vehicle accident in Warren County, Kentucky. (Defs.' Mem. Supp. Mot. Dismiss 2, DN 6-1 [hereinafter Defs.' Mot. Dismiss]). Two Defendants, Kentucky State Police Troopers Chad Smith ("Trooper Smith") and Joshua Amos ("Trooper Amos"), were dispatched to the scene. (Defs.' Mot. Dismiss 2). According to Lamb, when Troopers Smith and Amos arrived, he instructed them that he had arranged for a wrecking service to attend to his vehicle. (Compl. 4, DN 1). Trooper Smith allegedly informed Lamb, over his objections, that KSP's towing service would tow the vehicle instead. (Compl. 4). After paramedics on the scene finished speaking with Lamb, Troopers Smith and Amos asked Lamb for his driver's license. (Compl. 4). Lamb alleges that he asked the Troopers to articulate probable cause for requesting his license, at which point Trooper Smith allegedly "put his hands on [Lamb] good an[d] hard . . . ." (Compl. 4). According to Lamb, as he

1

began to turn around, Troopers Smith and Amos "football tackled" him and arrested him for menacing. (Compl. 4).

On the way to the jail, the troopers allegedly drove dangerously over the speed limit and persisted in asking Lamb questions despite his invocation of the Fifth Amendment. (Compl. 4-5). Lamb alleges that once he arrived at the jail, another Defendant, Sergeant Jermaine Savage ("Sergeant Savage"),[1] began to further question him about the incident and cursed at him after Lamb refused to answer his questions. (Compl. 5). After examining Lamb, a nurse at the jail recommended that he be taken to the hospital because of his heart rate and blood pressure. (Compl. 5). While being transported to the hospital, Trooper Smith allegedly slammed on the brakes in an attempt to cause Lamb's face to strike the partition in the patrol car. (Compl, 5). At the hospital, Sergeant Savage allegedly continued interrogating Lamb and Trooper Smith threatened him with violence if Lamb continued telling hospital staff what had happened. (Compl. 5).

On October 7, 2014, Lamb was arraigned in Warren District Court and charged with having no operator's license, failing to maintain required insurance, menacing, resisting arrest, possessing a cancelled or fictitious operator's license, and giving an officer a false name or address. (Defs.' Mot. Dismiss Ex. B, at 6, DN 6-3). On August 11, 2017, Lamb was convicted by a jury of all but the fictitious operator's license charge and later sentenced to forty-five days imprisonment on September 12, 2017. (Defs.' Mot. Dismiss Ex. B, at 2-3).

Lamb filed his present suit on July 20, 2018, asserting claims of assault and battery, false arrest, and theft of his vehicle, and for the resulting forty-five-day jail sentence recommended by the jury. (Compl. 6). Defendants have moved to dismiss Lamb's claims under Fed. R. Civ. P.

---

[1] Defendants identify the "John Doe" named in Plaintiff's Complaint as KSP Sergeant Savage. (Defs.' Mot. Dismiss 1).

12(b)(6) on several grounds, including that Lamb's claims are untimely and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Defs.' Mot. Dismiss 2).

## II. STANDARD OF REVIEW

A complaint will be dismissed when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). Considering motions under Rule 12(b)(6) requires the Court to construe the complaint in the most favorable light for the nonmoving party, accepting 'as true all factual allegations and permissible inferences therein.'" *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citation omitted). Though pleadings need not contain detailed factual allegations, the nonmoving party must allege facts that when "accepted as true . . . 'state claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When a plaintiff proceeds *pro se*, the Court is to hold his pleadings "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (internal citation omitted).

## III. DISCUSSION

While Defendants may disagree with Lamb's rendition of events, upon a motion to dismiss, the Court will accept as true "all factual allegations and permissible inferences" contained in the Complaint. *Gazette*, 41 F.3d at 1064. Even assuming the truth of Lamb's allegations, all his claims may nevertheless be dismissed. First, Lamb's claims for assault, battery, false arrest, and theft are time-barred under Kentucky's one-year statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); KRS 413.140(1). Second, Lamb's Section 1983 claim for his forty-five-day prison sentence is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

### A. Lamb's claims for assault, battery, false arrest, and theft

Because federal law does not otherwise provide for an applicable state of limitations, constitutional claims asserted under 42 U.S.C. § 1983 are governed by the statute of limitations for personal injury actions in the state where the cause of action occurred. *Kato*, 549 U.S. at 387. Under Kentucky law, actions premised on personal injury, arrest, and theft "shall be commenced within one (1) year after the cause of action accrued." KRS 413.140(1)(a), (c), (j).

Although the applicable statute of limitations in determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citation omitted). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Kato*, 549 U.S. at 388 (internal quotation marks omitted) (internal citation omitted) (citing *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). The statute of limitations thus ordinarily begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984) (citations omitted). Courts applying this standard consider the "event that should have alerted the typical lay person to protect his or her rights." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003) (citation omitted).

For purposes of determining when his claims accrued, Lamb would have known about the injuries upon which his assault, battery, and theft claims are based the same day they allegedly occurred—September 13, 2014. *See Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) ("A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." (citation omitted)). The alleged assault and battery occurred during Lamb's arrest, booking, and treatment at the

hospital, and he was aware of the theft of his vehicle when officers instructed him they would be towing it despite his objections. The statute of limitations for these Section 1983 claims would have expired one year later on September 13, 2015. *Fox*, 489 F.3d at 233. Because the Complaint was filed nearly three years later in July 2018, Lamb's claims for assault, battery, and theft must be dismissed.

The United States Supreme Court has held that accrual dates for claims of false arrest and imprisonment, however, are subject to a "distinctive rule." *Kato*, 549 U.S. at 389. Because a "victim may not be able to sue while he is imprisoned," the statute of limitations for false arrest and imprisonment claims starts running "when the alleged false imprisonment ends." *Id.* (citation omitted). "[A] false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is . . . arraigned on charges. *Id.* (citation omitted) (emphasis in original).

Regarding his claim for false arrest in September 2014, Lamb was arraigned less than a month later on October 7, 2014. (Defs.' Mot. Dismiss Ex. B, at 6). The one-year statute of limitations for the false arrest claim would therefore have run on October 7, 2015. Since Lamb did not file this action until July 2018, his claims for false arrest and imprisonment must be dismissed as untimely. *See Fox*, 489 F.3d at 233.

## B. Lamb's claims concerning his forty-five-day jail sentence

Lamb also seeks damages under Section 1983 for the forty-five-day jail sentence he received from the jury verdict rendered on August 11, 2017. The jury convicted Lamb of driving without an operator's license, failing to maintain required insurance, menacing, resisting arrest, and giving officers a false name or address. (Defs.' Mot. Dismiss Ex. B, at 2-3). Though this claim is not time-barred, Plaintiff cannot challenge a criminal conviction or sentence in a Section 1983 action unless the conviction "has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] [then] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Such actions which do not necessarily imply the invalidity of the conviction or sentence, however, should be allowed to proceed. *Id.*

Granting Lamb damages under Section 1983 for his forty-five-day jail sentence would necessarily imply the verdict and sentence from his state-court conviction was invalid because it would imply he was imprisoned improperly. Lamb has not demonstrated that his conviction and sentence have been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, Lamb's claim for damages for his forty-five-day jail sentence must be dismissed. *See id.*

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (DN 6) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

January 9, 2019

cc: counsel of record
William Lamb, *pro se*